UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMES TYLER CASSIDY**,

    Plaintiff,

v.   Case No. 5:25-cv-43-WFJ-PRL

**CITRUS COUNTY MOSQUITO CONTROL DISTRICT**,

    Defendant.
_____/

## ORDER

Before the Court is a Motion for Temporary Restraining Order against Defendant Citrus County Mosquito Control District by *pro se* Plaintiff "James Tyler Cassidy as Trustee Maximus James Trust," Dkt. 3. Because of the procedural defects in the Motion, it is due to be denied without prejudice.

## BACKGROUND

Plaintiff alleges that Citrus County Mosquito Control District ("CCMCD") has flown its helicopters over his land on numerous occasions, dumping chemicals on him, his property, and his animals. *See generally* Dkt. 1. The allegations in the Complaint relate to two separate incidents occurring on January 15, 2025, and November 18, 2024. *Id.* Count 1 relates to the January 15 fly-over and alleges as follows:

1

> Claim #1A . . . intentional TORT of Personal Injury via 320 Assault, Libel, & Slander. . . .
>
> Claim #1B . . . intentional Real Property Torts to land by illegally trespassing on Land after notice, being a nuisance, and contaminating the grounds and air with chemicals . . .
>
> Claim #1C . . . deprivation of Civil Rights and Violation of said rights. It is my God given right as well as my private contractual right to enjoy the above mentioned property without interference from outside agencies. . . .
>
> Claim #1D . . . violation of The Federal Trade Commission Act . . . [because] targeting human beings and living spaces [rather than] areas for mosquito treatment [is] evidence of unfair and deceptive acts and practices . . .
>
> Claim #1E . . . [violation of the] NOTICE OF TRESPASSING CHARGE section of the [Cease and Desist & Official NOTICE of TRESPASSING CHARGES] Affidavit that was serviced upon CCMCD . . . Additionally I believe the above mentioned actions show evidence of a Trespassing Crime[.] CCMCD actions show evidence of CCMCD violating Florida Statute 810.08. . . .
>
> Claim #1F . . . [violation of the] NOTICE NOT TO DUMP section of the CDONTC Affidavit that was serviced upon CCMCD[.]

*Id.* at 2–11. Counts 2A-F repeat the same causes of action except as they relate to the November 18, 2024, fly-over by CCMCD. *Id.* at 11–16.

The "Cease and Desist & Official NOTICE of TRESPASSING CHARGES Affidavit" ("CDONTC Affidavit") referenced above appears to be created by Plaintiff and sent to CCMCD in August 2024. *Id.* at 22–24. To the Court's understanding, the CDONTC Affidavit demanded that CCMCD stop flying

2

over/dumping on Plaintiff's land or face monetary penalties imposed by Plaintiff. *See id.* at 9–11, 14–16, 22–24.

Plaintiff now moves for a temporary restraining order prohibiting CCMCD from flying within the boundaries of his land and coming within 300 feet of his land. Dkt. 3 at 3–4. Defendant has yet to appear in the action. For the reasons explained below, Plaintiff's Motion is procedurally deficient and due to be denied.

## LEGAL STANDARD

"An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, J., concurring); *see also Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019). Federal district courts may issue temporary restraining orders in certain limited circumstances discussed below.

## DISCUSSION

Because Plaintiff has failed to address any amount of security to be held by the Court, to provide a legal memorandum establishing all four requirements to support a temporary restraining order, and to submit a proposed order with his Motion, his Motion is procedurally deficient and must be denied.

### I.   Security

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives

3

security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Likewise, the Middle District of Florida's Local Rule 6.01(a)(4) requires a motion for a temporary restraining order to include "a precise and verified explanation of the amount and form of the required security."

None of Plaintiff's submissions address the appropriate amount and form of security to support issuance of a temporary restraining order. This is one procedural defect warranting denial of his Motion. *See Jeremy Tyrone Hickman and Jeremy Tyrone Hickman Living Trust, Plaintiffs, v. Judge John E. Jordan III and Deja Monet Gordon, Defendants. ("Hickman")*, No. 6:25-CV-159-PGB-DCI, 2025 WL 436765, at *3 (M.D. Fla. Feb. 7, 2025) (denying motion for temporary restraining order for, *inter alia*, failure to address the matter of security).

## II.   Legal Memorandum

Local Rule 6.01(b) requires a legal memorandum filed in support of a motion for temporary restraining order that establishes:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

Plaintiff files a legal memorandum at Dkt. 2, but it does not discuss all four elements required to support a temporary restraining order. The memorandum

4

asserts the likelihood that Plaintiff will prevail on his claims "since they are backed by an overwhelming amount of evidence." Dkt. 2 at 2. It continues on to list some of Defendant's alleged legal violations (and adds a new one): "Title 18 Chapter 11B-CHEMICAL WEAPONS Section 229," "Florida Statutes 810.08 Section (b)" criminalizing trespassing, and the CDONTC Affidavit delivered to CCMCD. *Id.* at 3–4. But the memorandum does not concretely identify which of Plaintiff's claims he expects to prevail on, much less elements of those claims or supporting case law. *See, e.g.*, *Griffin v. Calderon*, No. 6:24-CV-1432-PGB-LHP, 2024 WL 5057923, at *2 (M.D. Fla. Dec. 10, 2024) (denying motion for preliminary injunction for failure to "delineate how any of the elements of any of his claims have been met" in noncompliance with Local Rule 6.01(b)).

The alleged irreparable nature of the threatened injury and the harm that might result absent a restraining order can be discerned from Plaintiff's filings. *See, e.g.*, Dkt. 2 at 3 ("Further chemical attacks could result in serious negative health complications."); Dkt. 3 at 3 ("In order to prevent more possible physical injury caused from dumping of hazardous chemicals it is imperative that CCMCD be restrained[.]").

Conversely, the nature and extent of any public interest affected by restraining CCMCD is not discussed. In sum, Plaintiff's current supporting legal memorandum does not discuss or establish all four elements required by Local Rule 6.01(b).

### III.   Proposed Order

Finally, Local Rule 6.01(a)(6) requires a motion for a temporary restraining order to include a proposed order. Plaintiff's Motion does not include a proposed order. As such, it is due to be dismissed for its procedural defects. *See Hickman*, 2025 WL 436765, at *3.

A temporary restraining order is an extraordinary remedy. *See Levine*, 70 F.3d at 1194; *Rumfish Y Vino Corp.*, 403 F. Supp. 3d at 1231. Proper procedure must be followed to award such relief.

### CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: Plaintiff's Motion for Temporary Restraining Order, Dkt. 3, is **DENIED without prejudice**.

**DONE AND ORDERED** in Tampa, Florida, on February 14, 2025.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*