UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMES TYLER CASSIDY as
Trustee of Maximus James Trust**,

    Plaintiff,

v.                                        Case No. 5:25-CV-00043-WFJ-PRL

**CITRUS COUNTY MOSQUITO
CONTROL DISTRICT**,

    Defendant.
_____/

## ORDER

Plaintiff James Tyler Cassidy, as trustee for the Maximus James Trust, proceeding *pro se*, raises twelve claims against Defendant Citrus County Mosquito Control District ("CCMCD"). Dkt. 1 at 2–16. Plaintiff alleges that CCMCD, by spraying pesticides via helicopter fly-over onto the trust property and its residents, is liable to the trust for various torts and civil rights violations. *Id*. CCMCD now moves to dismiss Plaintiff's complaint. Dkt. 16. Plaintiff responds in opposition. Dkt. 21. The Court dismisses Plaintiff's complaint without prejudice.

### BACKGROUND

Plaintiff alleges that CCMCD has flown its helicopters over property owned by the Maximus James Trust, for which he acts as a trustee, on numerous occasions,

dispersing chemicals on the trust property, him, his mother, and his animals. *See generally* Dkt. 1. The allegations in the complaint relate to two separate incidents occurring on January 15, 2025, and November 18, 2024. *Id.* Count 1 relates to the January 15 fly-over and alleges the following:

> Claim #1A . . . intentional TORT of Personal Injury via 320 Assault, Libel, & Slander. . . .
>
> Claim #1B . . . intentional Real Property Torts to land by illegally trespassing on Land after notice, being a nuisance, and contaminating the grounds and air with chemicals . . .
>
> Claim #1C . . . deprivation of Civil Rights and Violation of said rights. It is my God given right as well as my private contractual right to enjoy the above mentioned property without interference from outside agencies. . . .
>
> Claim #1D . . . violation of The Federal Trade Commission Act . . . [because] targeting human beings and living spaces [rather than] areas for mosquito treatment [is] evidence of unfair and deceptive acts and practices. . . .
>
> Claim #1E . . . [violation of the] NOTICE OF TRESPASSING CHARGE section of the [Cease and Desist & Official NOTICE of TRESPASSING CHARGES] Affidavit that was serviced upon CCMCD . . . Additionally I believe the above mentioned actions show evidence of a Trespassing Crime[.] CCMCD actions show evidence of CCMCD violating Florida Statute 810.08. . . .
>
> Claim #1F . . . [violation of the] NOTICE NOT TO DUMP section of the CDONTC Affidavit that was serviced upon CCMCD[.]

*Id.* at 2–11. Counts 2A–F repeat the same causes of action except as they relate to the November 18, 2024, fly-over by Defendant. *Id.* at 11–16.

The "Cease and Desist & Official NOTICE of TRESPASSING CHARGES Affidavit" ("CDONTC Affidavit") referenced above appears to have been created by Plaintiff and sent to Defendant in August 2024. *Id.* at 22–24. To the Court's understanding, the CDONTC Affidavit demanded that Defendant stop flying over and dispersing on the trust property or face monetary penalties imposed by Plaintiff. *See id.* at 9–11, 14–16, 22–24.

Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 16 at 1. In response, Plaintiff filed a notice that reasons through why, in Plaintiff's view, Defendant's motion to dismiss should be denied. Dkt. 21 at 1–2. The Court treats this notice as a response in opposition. The Court dismisses Plaintiff's complaint for the following reasons.

## LEGAL STANDARD

### I. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Motions to dismiss for lack of subject matter jurisdiction brought under 12(b)(1) may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 232 F.3d 920, 924 n.5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)). Facial attacks challenge jurisdiction based solely on the face of the complaint. *Id.* Factual attacks, on the other hand, challenge jurisdiction based on the facts outside of the complaint. *Carmichael v. Kellog, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Here, Defendant does not assert additional

3

facts and relies solely on the complaint to challenge jurisdiction. Dkt. 16 at 9–14. Thus, the Court accepts all allegations on the face of the complaint as true in deciding on Defendant's motion under Rule 12(b)(1). *Lawrence*, 919 F.2d at 1529.

### II. 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

A complaint withstands dismissal under Rule 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, all facts, and not legal conclusions, are accepted as true, and all reasonable inferences from those facts are viewed in the light most favorable to the plaintiff. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556)); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating that legal conclusions "couched" as facts need not be accepted as true); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "legal conclusions masquerading as facts" will not prevent dismissal).

### III. *Pro Se* Litigants

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys" and arguments therein will therefore "be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Russell v. Flixbus, Inc.*, No. 1:23-CV-796-MHC, 2023 WL 11959351, at *1 (N.D. Ga. July 18, 2023). This liberal reading, however, does not exempt *pro se* plaintiffs from the

pleading standards set forth in the Federal Rules of Civil Procedure or the Middle District of Florida Local Rules. *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("[P]ro se complaints must also comply with procedural rules that govern pleadings."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731, at *1 (M.D. Fla. Feb. 21, 2007).

Moreover, a district court may not serve as a *pro se* plaintiff's "de facto counsel" or "rewrite [a] . . . deficient pleading . . . ." *Powers v. Avondale Baptist Church*, 393 F. App'x 656, 657 (11th Cir. 2010) (quotations omitted) (citations omitted); *see GJR Invs. v. City of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). But where more specific allegations would remedy the pleading problems in a *pro se* plaintiff's complaint, the district court must dismiss with leave to amend. *See Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018).

## DISCUSSION

### I. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts can exercise federal question jurisdiction, which is original jurisdiction over civil lawsuits that arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

District courts may also exercise diversity jurisdiction, which exists when the matter in controversy exceeds $75,000 and is between citizens of different states. § 1332. When a district court has original jurisdiction over an action, it may exercise supplemental jurisdiction over all other claims that form part of the same case or controversy. § 1367(a).

    A. Diversity Jurisdiction

Plaintiff's civil cover sheet indicates that diversity jurisdiction is the basis of jurisdiction for this lawsuit. Dkt. 1-1. He identifies CCMCD as incorporated in or having a principal place of business in Florida, and identifies himself as a foreign nation. *Id.* The allegations in the complaint explain that Plaintiff brings the action as trustee of the Maximus James Trust, which owns the land on which Plaintiff apparently lives and over which CCMCD allegedly dusted pesticide. Dkt. 1 at 2–3.

"A 'traditional trust' holds the citizenship of its trustee[.]" *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (first citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); and then citing *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017)). "A 'traditional trust . . . generally describes a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law.'" *Id.* (quoting *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 495 (D.C. Cir. 2016)). Under Florida law, a trust is not a "distinct juridical entity," but rather makes and defends claims

via its trustee. *Id.* (citing *Loubier*, 858 F.3d at 730–31); *see* Fla. Stat. § 736.0811 ("A trustee shall take reasonable steps to enforce claims of the trust and to defend claims against the trust."); *see also* Dkt. 1 at 5 ("As Trustee of the above mentioned property I have a contractual duty, privilege, and right to preserve the property and my health so I can fully carry out my duties as Trustee for the Maximus James Trust.").

As alleged, the complaint does not establish diversity jurisdiction. Plaintiff appears to reside on this land in Citrus County, Florida. *See, e.g.*, Dkt. 1 at 8 (referring to one area within the tract as "living spaces"). Thus, for purposes of diversity jurisdiction, he is a citizen of Florida. *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citizenship of natural person determined by their domicile). And because Plaintiff is trustee of the Maximus James Trust, it too would be a citizen of Florida. *Murphy*, 924 F.3d at 1143. Citrus County Mosquito Control District represents that its "principal place of operation is also Florida" such that there is no diversity of citizenship between it and the trust. Dkt. 16 at 10. Accordingly, diversity jurisdiction does not exist on these facts. *See* 28 U.S.C. § 1332.

B. Federal Question Jurisdiction

Plaintiff sets forth two grounds that could, in theory, support federal question jurisdiction: (1) "violation of the Federal Trade Commission Act," and (2)

7

"deprivation and violation of Civil Rights." *E.g.*, Dkt. 1 at 8, 13. The Court addresses each in turn.

First, the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*, does not provide for a private right of action. *Tershakovec v. Ford Motor Co., Inc.*, 79 F.4th 1299, 1318 (11th Cir. 2023) (Tjoflat, J., concurring) (citations omitted). Plaintiff cannot proceed under this claim.

Next, however, courts have interpreted *pro se* plaintiffs' allegations of "civil rights violations" as traveling under 42 U.S.C. § 1983, even when the statute is not specifically asserted. *See Selensky v. Alabama*, 619 F. App'x 846, 849 (11th Cir. 2015) ("[I]nsofar as she is alleging a violation of her civil rights, she would be proceeding under 42 U.S.C. § 1983 . . . ."); *Hallett v. Ohio*, 711 F. App'x 949, 950–51 (11th Cir. 2017); *Rossin v. Clinch*, No. 3:21-CV-342-TJC-LLL, 2022 WL 22234576, at *6 (M.D. Fla. Feb. 8, 2022), *report and recommendation adopted*, No. 3:21-CV-342-TJC-LLL, 2022 WL 22234580 (M.D. Fla. Mar. 3, 2022) (noting that "[a]lthough not explicitly invoked, it appears plaintiffs are attempting to state a claim under § 1983," and then evaluating that potential claim).

So, Plaintiff's allegations of "civil rights violations" by CCMCD survive the inquiry into subject matter jurisdiction as they can be construed as section 1983 claims. Plaintiff, however, has failed to state a section 1983 claim, as will be discussed below.

## II. Failure to State a Section 1983 Claim

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred ... [t]he first step in any such claim is to identify the specific constitutional right allegedly infringed.'" *Moody v. Miami-Dade Cnty.*, No. 19-24638-CV, 2020 WL 13614261, at *2 (S.D. Fla. May 5, 2020) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).

In this case, Plaintiff has not identified the specific constitutional right that CCMCD has allegedly violated. In claims 1C and 2C he states that it is his "God given right as well as [his] private contractual right to enjoy the above mentioned property without interference from outside agencies." Dkt. 1 at 7; *accord id.* at 13.

Regarding Plaintiff's assertion of a "contractual right," the Court cannot discern a cognizable section 1983 claim from the complaint. A handful of cases have discussed the right to contract in the context of a section 1983 claim. *See Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1039–40 (11th Cir. 2008); *Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1174, 1176 (11th Cir.

9

1996); *Biasella v. City of Naples, Fla.*, No. 2:04-CV-320-FTM29DNF, 2005 WL 1925705, at *5–6, *9 (M.D. Fla. Aug. 11, 2005). But, as a threshold issue, the Court is unaware of any contract that Maximus James Trust entered or attempted to enter such that CCMCD unconstitutionally prevented it from doing so. If Plaintiff is referring to the CDONTC Affidavit as a contract with CCMCD, Dkt. 21 at 4, this is a legal conclusion the Court need not accept as true. *Iqbal*, 556 U.S. at 678.

Moreover, beyond Plaintiff's mention of a "contractual right" to enjoy the property without interference, he does not "identify the specific constitutional right allegedly infringed" as required to state a section 1983 claim. *Moody*, 2020 WL 13614261, at *2. Despite the leniency afforded *pro se* plaintiffs, the Court cannot "serve as *de facto* counsel" to construct a claim for Plaintiff. *GJR Invs.*, 132 F.3d at 1369. CCMCD is not on "fair notice of the claims asserted against [it] and the grounds upon which they rest[.]" *Moody*, 2020 WL 13614261, at *2. Accordingly, Plaintiff has failed to state a section 1983 claim, which is the only claim discernable from the complaint that gives the Court subject matter jurisdiction over this lawsuit.

Unless and until Plaintiff states a section 1983 claim, or any other claim presenting a federal question, the Court would decline to retain supplemental jurisdiction over the remaining Florida tort and "violation of affidavit"/breach of contract claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has

dismissed all claims over which it has original jurisdiction."); *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 866 (11th Cir. 2022) ("Although the district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). For now, Plaintiff's complaint is dismissed with leave to amend.

### III. Plaintiff May Not Represent the Trust

The Court briefly notes that Plaintiff, as a non-lawyer, may not represent the Maximus James Trust in either federal or Florida courts. *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority to represent a trust in court."); *EHQF Tr. v. S & A Cap. Partners, Inc.*, 947 So. 2d 606, 606 (Fla. 4th DCA 2007) ("[A] trustee cannot appear pro se on behalf of the trust, because the trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law."). If Plaintiff wishes to file an amended complaint as trustee on behalf of the trust, he must obtain counsel.

Plaintiff responds that "[i]f it is not allowable to proceed as Trustee of Maximus James Trust than I shall proceed as a natural person." Dkt. 21 at 2. But the Court's inquiries are defined by the allegations in the complaint. *See, e.g., Moody*,

2020 WL 13614261, at *3. If Plaintiff seeks to represent himself *pro se*, any amended complaint he files may establish that.

The Court advises Mr. Cassidy to seek legal counsel. Some legal services offices may offer free advice.[1]

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Defendant's motion to dismiss, Dkt. 16, is granted. Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. Should Plaintiff choose to file an amended complaint, he must do so within 21 days. Defendant is free to raise and re-raise any relevant arguments in a subsequent motion to dismiss. If no amended complaint is on file within 21 days this case will be closed permanently.

**DONE AND ORDERED** in Tampa, Florida, on April 8, 2025.

>  */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*

---

[1] For example, Community Legal Services of Mid-Florida, (800) 405-1417; legalaccessforall.org.